IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. 20-CV-00886-SPM |
| AMERISURE INSURANCE COMPANY, KELLER CONSTRUCTION, INC., an Illinois Corporation, TINDALL CONSTRUCTION, INC., an Illinois Corporation, DONALD FOUTCH, and ELIZABETH FOUTCH, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Plaintiff State Auto Property & Casualty Insurance Company's ("State Auto") Motion to Strike Answer to Complaint (Doc. 16). Defendants Amerisure Insurance Company, Keller Construction, Inc., and Tindall Construction, Inc. have responded in opposition to the motion (Doc. 17).

An affirmative defense, by definition, admits the matters in the complaint but suggests a reason why the plaintiff cannot recover. *Bobbitt Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). Defendants included seven affirmative defenses in their answer to State Auto's Complaint (Doc. 12) and State Auto asks this Court to strike all of them. Defendants' seven affirmative defenses are:

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.
2. Plaintiff's Complaint fails as there is no actual and justiciable controversy between the parties.
3. Plaintiff's Complaint fails as M.L. Vasquez was required by written contract to name Keller Construction, Inc. as an additional insured as Keller Construction, Inc. is one of the "other parties required of the contractor" to be named as an additional insured pursuant to Article 6 of the Standard Subcontract Agreement between Tindall Construction Inc. and M.L. Vasquez, Inc. *See* Exhibit C to Plaintiff's Complaint.
4. Plaintiff's Complaint fails as M.L. Vasquez is not a named party to the action and is an indispensable party to the action as Plaintiff's insured.
5. Plaintiff's Complaint fails as Plaintiff has a duty to defend Keller. *See Lagestee-Mudler, Inc. v. Consolidated Ins. Co.*, 682 F.3d 1054, 1056 (7th Cir. 2010)
6. Plaintiff's Complaint fails as no liability has been entered against Defendants in the underlying matter and therefore there is not a controversy regarding whether Plaintiff must indemnify any of the defendants.
7. Defendants reserve the right to raise additional affirmative defenses as discovery proceeds.

(Doc. 12, pp. 7-8).

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination of whether to strike under Rule 12(f) is

within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

State Auto cites to the heightened pleading standard framework for affirmative defenses and argues that five of the defenses lack sufficient detail to provide State Auto with fair notice of the underlying facts. Essentially, State Auto raises the issue of whether affirmative defenses must be plead to the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This argument has not been decided by the United States Court of Appeals for the Seventh Circuit, but has split district courts, who have discussed the issue extensively. *See e.g., Leonard v. Trustees of Indiana U.*, 2019 WL 3306181, at *2 (S.D. Ind. 2019); Vita Food Products, Inc. v. Navigators Ins. Co., 2017 WL 2404981, at *9 (N.D. Ill. 2017). *Markel Ins. Co. v. United Emergency Med. Services, LLC,* 2017 WL 942723, at *1 (N.D. Ind. 2017); *Ford v. Psychopathic Records, Inc.*, 2013 WL 3353923, at *6 (S.D. Ill. 2013).

The Court agrees with the reasoning of the Courts that find the heightened pleading standard in *Twombly* and *Iqbal* inapplicable to affirmative defenses. Furthermore, while State Auto spills considerable ink arguing that many of the defenses are not affirmative defenses, or even defenses at all, it fails to show why any of the defects in these claimed defenses is prejudicial to its case. Defenses may or may not be meritorious in the end, but this case is at the pleading stage and in the initial stages of discovery. The success or failure of these defenses will be naturally fleshed out during the discovery process itself, generally rendering motions to strike in this

context unnecessary. Therefore, Plaintiff State Auto Property & Casualty Insurance Company's Motion to Strike Answer to Complaint is **DENIED** (Doc. 16).

**IT IS SO ORDERED.**

**DATED:   December 2, 2020**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
